Roger J. Miner, J.
This is an application in the nature of mandamus pursuant to CPLR article 78. The petitioners seek judgment "requiring and commanding the District Attorney of Ulster County to refrain from presentment of this cause to the Grand Jury of the County of Ulster pending the determination made at the completion of the hearing upon the felony complaint herein prayed for.”
The petitioners were arraigned before the Town Justice of the Town of New Paltz upon accusatory instruments charging them with various felonies and misdemeanors. They were remanded to the Ulster County Jail, where they are presently incarcerated, in lieu of bail in the sum of $25,000 each. A hearing upon the felony complaint, requested by the petitioners, was commenced before the Town Justice on March 24, 1976, at about 8:30 p.m. It appears that testimony was given by a tenant of an apartment allegedly burglarized and by the arresting officer. Only an excerpt of the transcript of proceedings has been made available to this court.
At the conclusion of the testimony of the two witnesses, the Town Justice, apparently in view of the lateness of the hour, suggested an adjournment until March 30, 1976.
Counsel for petitioners indicated that they would consent to the adjournment upon the condition that the matter not be presented to the Grand Jury in the interim. No such assurance was forthcoming; at this point the Town Justice indicated his feeling that there was sufficient testimony to hold the petitioners for the Grand Jury. The Assistant District Attorney indicated that he had six more witnesses, but the Town Justice stated that he would hear no more of the People’s proof, that he was resting the People’s case, and that he had "heard sufficient evidence to submit the charge, to hold it for the Grand Jury.” He then offered the petitioners, through their attorneys, the right to testify. There being no response to the offer, the Town Justice recognized and denied a motion to dismiss and indicated that both the petitioners *803 were being held for Grand Jury action only on the charge of possession of stolen property in the second degree.
The purpose of a hearing upon a felony complaint is to determine whether there is reasonable cause to believe that the defendant has committed a felony. (CPL 180.70.) Upon such a hearing, the defendant has the right to testify in his own behalf and the court may permit him to examine other witnesses or present other evidence in his behalf. (CPL 180.60, subds 6, 7.) The hearing should be completed in one session but may be adjourned for not more than one day if good cause is shown therefor. (CPL 180.60, subd 10.) The District Attorney is vested with discretion in submitting evidence of any offense to a Grand Jury. (CPL 190.55, subd 2, par [c].) However, he must accord a defendant the opportunity to appear before a Grand Jury where there is pending against such defendant a currently undisposed of felony complaint charging an offense which is the subject of the Grand Jury proceeding. (CPL 190.50, subd 5, par [a].)
Although it was highly irregular for the Town Justice to "rest” the People’s case against the petitioners, it is impossible for this court to determine, upon the state of the record, whether there was shown at the hearing reasonable cause to believe that the petitioners have committed the felonies for which they are being held. If the full transcript of the hearings does not reveal such reasonable cause, the detention of the petitioners may be tested by way of habeas corpus.
It is the general rule that an article 78 proceeding cannot be used to challenge a determination in a criminal matter. (CPLR 7801, subd 2.) Mandamus will not issue to compel the performance of a discretionary act. (23 Carmody-Wait 2d, NY Prac, § 145:113.) As has been demonstrated, the matter of presentation of evidence of an offense to a Grand Jury is a matter of prosecutorial discretion; the question of the existence of reasonable cause to hold the petitioners for Grand Jury action is a matter of judicial discretion.
The petition must be dismissed. The temporary restraining order heretofore made is rescinded.